**NATIONAL ANTI–HUNGER COALITION, et al., Plaintiffs,**

**v.**

**EXECUTIVE COMMITTEE OF the PRESIDENT'S PRIVATE SECTOR SURVEY ON COST CONTROL, et al., Defendants.**

Civ. A. No. 82–3592.

United States District Court, District of Columbia.

July 26, 1983.

Eric R. Glitzenstein, Alan B. Morrison, David C. Vladeck, Washington, D.C., for plaintiffs.

Richard K. Willard, Barbara L. Gordon, Surell Brady, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

The Court has before it plaintiffs' motion for relief from the judgment filed February 24, 1983.[1] This judgment dismissing the complaint by summary judgment was affirmed by the United States Court of Ap-

---

1. 557 F.Supp. 524 (1983).

peals for the District of Columbia Circuit on June 14, 1983.[2] When plaintiffs were before the Court of Appeals they sought to bring to the attention of that Court certain developments subsequent to the trial court hearing which they claimed undercut the factual basis for this Court's decision. The Court of Appeals refused to consider these matters since they were not found in the record for review before that Court. On June 27, 1983, plaintiffs moved under Fed. R.Civ.P. 60(b) for relief from judgment on the basis of this newly discovered evidence. The motion, which was opposed, has been briefed by the parties and full oral argument was heard on July 20, one day after the mandate affirming the judgment was received in this Court.

Plaintiffs seek a declaration that the Task Force recommendations concerned with federal food assistance programs adopted by the Executive Committee on April 15, 1983, were reached contrary to the requirements of the Federal Advisory Committee Act,[3] arguing that there has been a departure from procedures previously approved in this case. Two major points are urged:

First, that the Executive Committee's brief review of the staff recommendations, which were immediately accepted without change, was not deliberative but was simply a sham involving a *pro forma* mechanical stamp of approval of Task Force reports, made without opportunity for a public hearing.

Second, that in view of the nature of the recommendations the Executive Committee proved to lack "fair balance" as required by the Act.[4] Particular reference is made to certain recommendations which do not primarily concern the Committee's cost control functions but rather address substantial issues of broad policy in that they seek repeal of specific statutory provisions which determine eligibility for concrete benefits under the federal Food Stamp Program.

■ The first claim is rejected. A review of the transcripts of Committee proceedings, including those relating to the challenged Department of Agriculture reports, has satisfied the Court that the Committee proceedings were in fact deliberative and not a mere sham. The Task Force's recommendations were distributed to the members of the Executive Committee for study in advance of the public hearing and at the hearing comments, including those of the plaintiffs, were specifically brought to the attention of the full membership even though they had been belatedly filed. These comments were not addressed primarily to the cost findings of the staff and warranted little, if any, attention. In other instances the Committee has, in fact, rejected recommendations contained in staff reports presented through the same process and it has functioned as originally represented to this Court.

■ The second claim presents a more difficult question. Among the numerous "hunger"-related recommendations considered and approved by the Executive Committee are three which recommend repeal of existing legislation concerning specific benefits granted to members of plaintiffs' constituency. The Committee recommends repeal of 7 U.S.C. § 2012(*o*), establishing the family size used for determining benefits under the Food Stamp Program; 7 U.S.C. § 2017(a), providing the $10 minimum monthly benefit for the Food Stamp Program; and (3) 42 U.S.C. § 1760(e), prohibiting the inclusion of school lunch benefits in calculating income for the purpose of determining eligibility for food stamps.[5]

It appears to the Court that these three policy recommendations are substantive in

---

2. *National Anti-Hunger Coalition v. Executive Committee of the President's Private Sector Survey on Cost Control,* 711 F.2d 1071 (D.C. Cir. 1983).

3. 5 U.S.C.App. I.

4. 5 U.S.C.App. I, § 5(b)(2).

5. These recommendations are discussed in detail in the Task Force Report to the Department of Agriculture between pages 46 and 75 and specifically at page 66 as to school lunches, at page 47 as to family make-up, and at page 59 as to the $10 minimum.

Nat'l Coaln strayed from ... + was!.. irrelevant 1517

character because they affect established statutory rights of those presently eligible for various types of "hunger" benefits. While it is of course true that cost savings can always be accomplished readily by repealing legislation that grants specific benefits, recommendations designed to accomplish such repeal do not fall within the narrow area of cost and management control but fall directly into areas of general national import. Such recommendations could not have been approved under the Act except by a committee "fairly balanced" to represent the points of view affected, and this Committee was unbalanced as to these substantive legislative policy issues.

In taking action on these recommendations the Executive Committee did not proceed in accordance with the requirements of the Act and hence its approval was *ultra vires* and illegal because of the lack of fair balance. Since, however, the Committee was balanced as to all other recommendations involving plaintiffs' concerns, no objection can be made as to the Executive Committee's endorsement of these other recommendations. Accordingly, plaintiffs' motion for relief from judgment is granted in part and denied in part, as set forth in the Court's Order filed herewith.

### ORDER

For the reasons set forth in the Court's Memorandum filed herewith, the Court's judgment entered herein on February 24, 1983, is amended to read as follows:

(1) The Court declares that recommendations contained in the Task Force Report to the Department of Agriculture proposing repeal of benefits authorized by 7 U.S.C. § 2012(*o*), 7 U.S.C. § 2017(a), and 42 U.S.C. § 1760(e) were developed and approved in violation of the requirements of the Federal Advisory Committee Act § 5(b)(2), 5 U.S.C. App. I, and judgment to this effect is hereby entered for plaintiffs.

(2) Judgment is entered for defendants in all other respects.

SO ORDERED.